IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY WARRICK, JR., and VICTOR CRUZ, on behalf of themselves and others similarly situated, | § § § § | CIVIL ACTION NO. 1:17-cv-242-HSO-JCG |
| *Plaintiffs*, | § § | JURY TRIAL DEMANDED |
| v. | § § | COLLECTIVE ACTION |
| ISLANDER STUCCO SYSTEMS, INC., and FRANK C. ADAMS, | § § § | |
| *Defendant.* | § § § | |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiffs hereby submit their Collective Action Complaint and Jury Demand and, upon trial of this matter, would show the trier of fact as follows:

### I. SUMMARY

1.    Islander Stucco Systems, Inc. ("ISSI"), a company in the business of residential and commercial stucco, plastering, and exterior insulation and finish system ("E.I.F.S.") work, and Frank C. Adams ("Adams") violated the Fair Labor Standards Act ("FLSA") by forcing their stucco, plaster, and E.I.F.S. workers to work a substantial amount of overtime without properly paying them overtime compensation, thus depriving them of rightful compensation for their work that ISSI and Adams (collectively "Defendants") are legally obligated to pay.

### II.  JURISDICTION AND VENUE

2.    This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

3. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the Southern District of Mississippi.  28 U.S.C. § 1391(b)(2).

### III.  THE PARTIES

4. Plaintiff Warrick worked for Defendants as a stucco, plaster, and E.I.F.S. applicator and construction worker.  He regularly worked in excess of 40 hours per week without receiving the overtime compensation that he was due at one and one-half times his regular rate of pay.  Plaintiff Warrick's Consent is attached as Exhibit A.

5. Plaintiff Victor Cruz worked for Defendants as a stucco, plaster, and E.I.F.S. applicator and construction worker.  He regularly worked in excess of 40 hours per week without receiving the overtime compensation that he was due at one and one-half times his regular rate of pay.  Plaintiff Cruz's Consent is attached as Exhibit B.

6. The class of similarly situated employees consists of all current and former applicators and construction workers who were employed by Defendants during the three-year period preceding the filing of the Original Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Islander Stucco Systems, Inc. is a Mississippi corporation with a principal place of business at 1048 Thorn Avenue, Ocean Springs, Mississippi 39564 that is engaged in commerce in the United States and is otherwise subject to the FLSA.  ISSI is a residential and commercial stucco, plaster, and E.I.F.S. contractor.  According to ISSI's own public representations about its business, ISSI has successfully completed "thousands of jobs," and has been "Serving the Greater Gulf Coast for over 25 years."[1]  ISSI represents that it performs

---

[1] ISSI Website, *available at* https://www.islanderstucco.com/about1 (last visited on June 8, 2017).

2

residential and commercial new construction, repair, and remodeling work.[2]  ISSI has or had (during the relevant time period) at least two or more employees engaged in commerce or in the production of goods for commerce for purposes of FLSA coverage.

8. Additionally, upon information and belief, ISSI has annual gross volume of sales made or business done of not less than $500,000.

9. ISSI may be served with process by serving its Registered Agent, Frank C. Adams, 4900 Deborah Street, Ocean Springs, Mississippi 39564.

10. Defendant Adams is the President and a principal of ISSI, and is an individual residing in Ocean Springs, Mississippi.  Adams, upon information and belief, possessed control over ISSI's actual operations in a manner that directly relates to Plaintiffs' employment and that of those similarly situated to Plaintiffs.  Adams directly affected employment-related factors such as workplace conditions and/or operation, personnel, and/or compensation.  Mr. Adams may be served with process at 4900 Deborah Street, Ocean Springs, Mississippi 39564.

11. Defendants employed Plaintiffs within the meaning of the FLSA.

### IV.  BACKGROUND

12. Defendants employed Plaintiffs and applicators and construction workers similarly situated to Plaintiffs to apply stucco, plaster, and E.I.F.S. and perform related construction work.

13. Plaintiffs and, upon information and belief, Members of the Class regularly worked in excess of 40 hours per week.  However, the employees were not paid one and one-half times their regular rates for hours worked in excess of 40 each work week.  When the employees worked for Defendants for more than 40 hours total in a week, their paychecks did not include any time or pay for hours worked in excess of 40 hours total in a week.

---

2   ISSI Website, *available at* https:www.islanderstucco.com (last visited on June 8, 2017).

3

14. Defendants at times paid those non-exempt workers an improper cash payment separate from their paychecks.

15. Defendants' applicators and construction workers handle or otherwise work with goods or materials that have been moved in or produced for interstate commerce by any person.

16. Defendants engage in commerce or in the production of goods for commerce by applying stucco, plaster, and E.I.F.S. and performing related construction work on residential and commercial new construction, repair, and remodeling projects in various states.

17. Defendants pay their applicators and construction workers similarly situated to Plaintiffs by the hour utilizing a pay period that consists of one week.

## V.  PLAINTIFFS' INDIVIDUAL ALLEGATIONS

### A.   *Defendants Failed to Properly Pay Compensation.*

18. Plaintiffs worked with crews of Defendants' other similarly situated employees. They worked for Defendants in various states along or near the Gulf of Mexico, including Alabama, Florida, Mississippi, and Louisiana, performing stucco, plaster, and E.I.F.S. construction projects.

19. Defendants paid Plaintiffs a set hourly rate for each hour worked.

20. Defendants' pay period consisted of one week.

21. When Plaintiffs worked more than 40 hours total in a week, Defendants did not pay them overtime compensation at a rate of one and one-half times their regular rate of pay for each hour they worked in excess of 40 hours in a week. When Plaintiffs worked for Defendants for more than 40 hours total in a week, their paychecks did not include any time or pay for hours worked in excess of 40 hours.

22. Defendants at times paid Plaintiffs an improper cash payment separate from their

paycheck.

23. The FLSA requires Defendants to pay overtime compensation for each hour Plaintiffs worked in excess of 40 hours in a week. Defendants should have paid Plaintiffs overtime compensation at a rate of one and one-half times their regular rate of pay for each hour he worked in excess of 40 hours in a week, but Defendants failed to do so.

24. By failing to pay Plaintiffs their overtime rate of pay for hours they worked in excess of 40 hours in a week, Defendants have deprived Plaintiffs of a significant amount of overtime compensation to which they are rightfully entitled.

### B. *Defendants Willfully Violated the FLSA.*

25. The FLSA and Department of Labor regulations set forth the proper means for calculating and paying compensation to non-exempt employees like Plaintiffs. Defendants failed to follow these rules when paying Plaintiffs.

26. Upon information and belief, Defendants had a policy and/or practice of not paying their stucco, plaster, and E.I.F.S. applicators and construction workers overtime compensation at a rate of one and one-half times their regular rate of pay for each they worked in excess of 40 hours in a week.

27. Defendants knew or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiffs.

### VI. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs are aware that Defendants' illegal policies or practices have been imposed upon Members of the Class. Like Plaintiffs, the Members of the Class work or worked for Defendants as stucco, plaster, and E.I.F.S. applicators and construction workers. The Members of

the Class perform or performed job duties similar to Plaintiffs, namely applying stucco, plaster, and E.I.F.S. and performing related construction work.

29. Defendants' applicators and construction workers perform or performed work for Defendants in multiple states.

30. As with Plaintiffs, Members of the Class are or were paid by Defendants weekly.

31. Upon information and belief, the Members of the Class are or were not paid by Defendants at a rate of one and one-half times their regular rates of pay for all or some of the hours they worked in excess of 40 hours in a week. The FLSA requires that hours over 40 worked in a week be compensated at the overtime rate of one and one-half times the regular rate of pay. Like Plaintiffs, Members of the Class should be paid their overtime rate for all hours worked over 40 hours in a week.

32. Defendants' failure to properly compensate Plaintiffs and Members of the Class results, upon information and belief, from generally applicable policies and/or practices. Specifically, upon information and belief, it is a policy and/or practice for Defendants not to pay their stucco, plaster, and E.I.F.S. applicators and construction workers overtime compensation at a rate of one and one-half their regular rates of pay for all or some of the hours worked in excess of 40 hours in a week.

33. As such, the Members of the Class are owed unpaid compensation for precisely the same reasons as the Plaintiffs.

34. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former stucco, plaster, and E.I.F.S. applicators and construction workers who were employed by ISSI and Frank during the three-year period preceding the filing of the**

6

**Original Complaint.**

35. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

36. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.  CAUSES OF ACTION

37. The preceding paragraphs are incorporated by reference.

38. As set forth above, Defendants violated the FLSA with respect to Plaintiffs and Members of the Class by failing to pay them overtime compensation for all or some of the hours they worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207.

39. Plaintiffs and Members of the Class are entitled to recover overtime compensation for all hours worked in excess of 40 hours in a week.

40. In addition, Plaintiffs and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages.

41. In addition, Plaintiffs and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII.   JURY DEMAND

42. Plaintiffs demands a jury trial.

## PRAYER

WHEREFORE, Plaintiffs request that this Court award them and Members of the Class judgment against Defendants for:

1. damages for the full amount of their unpaid overtime compensation;

2. an amount equal to their unpaid overtime compensation as liquidated damages;

3. reasonable attorneys' fees, costs, and expenses of this action;

4. pre-judgment and post-judgment interest at the highest rate allowed by law; and

5. such other and further relief as may be allowed by law.

>Respectfully submitted,
>
>By:   /s/ *Zachary M. Bonner*
>Zachary M. Bonner (MS Bar. No. 103153)

**OF COUNSEL:**
**MCCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939
zbonner@mmgnlaw.com

Robert W. Cowan (TX Bar No. 24031976)
Attorney-in-Charge
Justin C. Jenson (TX Bar No. 24071095)
**BAILEY PEAVY BAILEY COWAN HECKAMAN, PLLC**
440 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bpblaw.com
jjenson@bpblaw.com